O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HECTOR GARCIA,                    )   Case No.   CV 07-05666 DDP ✓
                                  )              [CR 02-00814 DDP]
              Plaintiff,          )
                                  )   **ORDER DENYING PETITION FOR WRIT**
     v.                           )   **OF HABEAS CORPUS PURSUANT TO 28**
                                  )   **U.S.C. § 2241**
                                  )
S.A. HOLENCIK, Warden,            )   [Petition filed on August 29,
                                  )   2007]
              Defendant.          )
_____   )

     Hector Garcia ("Petitioner") petitions this court for a writ

of habeas corpus filed pursuant to 28 U.S.C. § 2241.  After

reviewing the papers submitted by the parties and considering the

arguments therein, the court denies the petition.

**I.   Background**

     Petitioner was found guilty following a jury trial of: (1)

being a felon in possession of a firearm and ammunition, in

violation of 18 U.S.C. § 922(g)(1); (2) possession with intent to

distribute cocaine base in violation of 21 U.S.C. § 841(a)(1); and

(3) possession with intent to distribute methamphetamine in

violation of 21 U.S.C. § 841(a)(1).  (Judgment &

Probation/Commitment Order, Dkt. No. 79.)  An information alleging

a prior controlled substance conviction was filed pursuant to 21
U.S.C. § 851, and the prior conviction was established at
sentencing on September 29, 2003.  Petitioner was sentenced to 120
months imprisonment.  On January 10, 2005, the Ninth Circuit Court
of Appeals affirmed Petitioner's conviction.

On September 6, 2007, Petitioner filed the instant Petition
for Writ of Habeas Corpus.  The Petition raises two grounds: (1)
"Illegal Sentence" resulting from the court's error in refusing to
evaluate whether sentencing Defendant in accordance with the 100:1
ratio would effectuate the purposes of § 3553(a); and (2)
"Ineffectiveness of Counsel" resulting from counsel's failure to
"raise the issue on the § 3553(a) and the 100:1 ratio." (Petition
for Writ of Habeas Corpus 3.)

On May 19, 2008, Petitioner filed a Motion for Retroactive
Application of Sentencing Guidelines to Crack Cocaine Offense 18
U.S.C. § 3582.  (Motion to Reduce Sentence Pursuant to 18 U.S.C. §
3582(c)(2), Dkt. No. 100.)  On October 8, 2009, this court denied
the Motion.  On March 30, 2011, the Ninth Circuit Court of Appeals
affirmed the court's denial of Petitioner's application for re-
sentencing.  (Dkt. No. 118.)

**II.  Discussion**

Petitioner's § 2241 petition challenges the legality of his
underlying conviction and his sentence.  Petitioner's resort to §
2241 is misplaced; section 2255 is the primary avenue for federal
prisoners in custody to attack their sentences and underlying
convictions.  See <u>Ivy v. Pontesso</u>, 328 F.3d 1057, 1059 (9th Cir.
2003).  Petitioner cannot achieve the relief he seeks under § 2241,

and, even construing his petition as a § 2255 petition, it must be denied as time-barred.

A Section 2241 petition is generally reserved for challenges to the manner, location, or condition of a sentence's execution. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Here, Petitioner does not challenge the execution of his sentence, and therefore he has incorrectly relied on § 2241. See Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention.").

Section 2255, however, contains a "savings clause," which permits federal prisoners to file a § 2241 petition in lieu of a § 2255 petition if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [their] detention." 28 U.S.C. § 2255. The "savings clause," however, has been reserved for the rare case in which a defendant lacks an unobstructed opportunity to present a claim of actual innocence. See Ivy, 328 F.3d at 1059-61; Lorentsen, 223 F.3d at 954; see also Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999) (per curiam) ("No circuit court has to date permitted a post-AEDPA petitioner who was not effectively making a claim of 'actual innocence' to utilize § 2241 (via § 2255's 'savings clause') as a way of circumventing § 2255's restriction on the filing of second or successive habeas petitions.").

In this case, Petitioner has not raised a claim of actual innocence. Rather, Petitioner claims that because his prior conviction did not follow under the Controlled Substances Act or under 21 U.S.C. § 851, he should not have received the § 851

3

enhancement and therefore qualifies for the two point reduction under the new retroactive Amendment 706 to the Crack Cocaine Guidelines. (Traverse Motion And/Or Rebuttal to Government's Response 2:10-16.) Petitioner further claims that he asked his attorney to raise these issues on direct appeal; instead, his attorney filed an Anders Brief. (Id. at 2:16-18.) Neither of these grounds rise to the level of "inadequate or ineffective" as required by § 2255, and therefore they are insufficient to invoke the § 2255 "savings clause."

Furthermore, Petitioner already had an opportunity to challenge his sentence on the cocaine base conviction under 18 U.S.C. § 3582(c). On October 8, 2009, this court denied that request and on March 30, 2011, the Ninth Circuit upheld that denial.

Even if the court were to construe Petitioner's petition as brought pursuant to § 2255, the petition must be denied as time barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a federal petition to be filed within one year of the date on which a judgment became final, 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on or about April 10, 2005, ninety days after the Ninth Circuit affirmed Petitioner's sentence. Petitioner did not file his § 2241 Petition until September 5, 2007, more than one year after his conviction became final. Accordingly, the Petition is time-barred. Finally, relief under 28 U.S.C. § 2255 is not "inadequate or ineffective" merely because a petitioner cannot satisfy the threshold requirements of the AEDPA. See Ivy, 328 F.3d at 1059 ("2255's remedy is not 'inadequate or ineffective' merely because § 2255's

gatekeeping provisions prevent the petitioner from filing a second or successive petition.").

In sum, Petitioner seeks relief reserved for a § 2255 petition. Petitioner has brought his petition pursuant to the incorrect statute without exception. Furthermore, even construing Petitioner's present petition as a § 2255 petition, his petition fails as time barred.

**IV. Conclusion**

For the foregoing reasons, Petitioner's § 2241 Petition for Writ of Habeas Corpus by a Person in Federal Custody is DENIED.

IT IS SO ORDERED.


Dated: July 21, 2011

                              DEAN D. PREGERSON
                              United States District Judge